COHEN, J.
 

 T.K., J.R.T.’s mother, appeals from the final judgment terminating her parental
 
 *1198
 
 rights.
 
 [1]
 
 We affirm.
 

 J.R.T. was initially sheltered in December 2008 due to his parents’ abuse of alcohol and prescription medications. The mother consented to a case plan, which consisted of participating in a drug abuse evaluation and treatment, a parenting program, and paying child support. In 2009, following the mother’s arrest for DUI and a resulting search which revealed her possession of a substantial amount of prescription medication, the Department of Children and Families (“the Department”) filed a petition for termination of her parental rights. Dué to irregularities at the ensuing trial,
 
 [2]
 
 this court reversed the final judgment terminating the mother’s parental rights.
 
 T.K. v. Dep’t of Children & Families,
 
 44 So.3d 1271 (Fla. 5th DCA 2010).
 

 On remand, the court conducted a second trial. The gravamen of the petition seeking termination of the mother’s parental rights was her failure to substantially comply with the case plan, as well as the previous termination of her parental rights to another child. The latter was not disputed. The evidence at trial reflected that the mother had completed a parenting program but had not significantly progressed regarding her substance abuse. While in treatment, she continued to test positive for drugs. Although she testified that she voluntarily admitted herself to an in-house treatment program through LifeStreams Behavioral Center, she was unable to document that treatment. During the 2009 DUI arrest, the mother was found to have a small pharmacy in her purse — thirty al-prazolam, nine methadone, twelve oxyco-done, and two hydrocodone pills. This followed a 2008 shoplifting arrest, when she was found in possession of an even larger array of prescription medications encompassing more than 400 pills including methadone, Xanax, and oxycodone, along with prescriptions yet to be filled. The trial court found by clear and convincing evidence that the mother’s alcohol and substance abuse and subsequent failure to substantially comply with her case plan endangered the well-being and safety of the child, and that termination of parental rights was the least restrictive means to insure the child’s protection.
 

 On appeal, the mother argues that drug tests showing the use of drugs prescribed to her cannot support the conclusion that she failed to substantially comply with her case plan.
 
 [3]
 
 Certainly, the legitimate use of prescribed medications should not lead to a parent’s loss of parental rights, but that is not the situation here. On multiple occasions, the mother possessed more medication, and in such a combination, as to belie any legitimate medical use. Additionally, she possessed unfilled prescriptions from several different physicians with dates close in time for the same medications. In short, this mother is the face of a problem of epidemic proportions — the obtaining of large quantities of prescription medications from numerous physicians.
 
 [4]
 
 Further, the moth
 
 *1199
 
 er underwent an evaluation which concluded that she was addicted to both alcohol and opiates, a condition that she acknowledged to various family members. While both are legal, use of either can result in the termination of parental rights when abused to the extent that a child is placed in danger. The mother presented no evidence of a legitimate medical basis for her use of the medications, and this addiction led to numerous arrests.
 

 The evidence established that except for the completion of the parenting class requirement, the mother has not substantially complied with the case plan. She has paid no monies for the support of her child, has not visited with her child, and has not substantially completed substance abuse treatment. The same drug abuse issues that resulted in the earlier termination of parental rights to J.R.T.’s sibling continue to plague the mother, putting J.R.T. at risk.
 
 See Fla. Dep’t of Children & Families v. F.L.,
 
 880 So.2d 602, 609-10 (Fla.2004).
 

 We also find no merit to the mother’s argument that the trial court failed to properly apply the standard in determining that termination of her parental rights to J.R.T. was the least restrictive means to protect the child.
 

 AFFIRMED.
 

 SAWAYA and LAWSON, JJ., concur.
 

 [1]
 

 . J.R.T. was three years old at the time of trial. The trial court also terminated the parental rights of the child's father, who did not appeal.
 

 [2]
 

 . A different judge conducted the first trial.
 

 [3]
 

 . In March 2010, the mother tested positive for cocaine.
 

 [4]
 

 .Ninety-eight of the top one hundred doctors dispensing oxycodone nationally are in Florida. More oxycodone is dispensed in the State of Florida than in the rest of the nation. The Honorable Rick Scott, Governor of Fla., Testimony before the U.S. H.R. Energy & Commerce Comm., Subcomm. on Commerce, Mfg. & Trade, (Apr. 14, 2011), 2011 WL 1964979 (F.D.C.H.),
 
 available at
 
 http://www. flgov.com/2011/04/14/governor-rick-scott
 
 *1199
 
 S%ors-testimony-of-prescription-drug-diversion/.